JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04587-SB-E | Date: | August 6, 2021 |
|---|---|---|---|

| Title: | *Manuel Hossue Acuna Jr., et al. v. J.B. Hunt Transport, Inc., et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   ORDER ON REMAND MOTION (Dkt. No. 11) AND REQUEST FOR ORAL ARGUMENT (Dkt. No. 21)

     Plaintiffs brought this case for injuries sustained in a motor vehicle collision in state court on March 22, 2021.  Dkt. No. 1-2 (Compl.).  Defendants removed the case, contending that Plaintiffs fraudulently joined a deceased defendant—Michael Arnold Mejia—to destroy diversity jurisdiction.  Dkt. No. 1, Notice of Removal (NOR) ¶ 11.  Plaintiffs now seek to remand this case to Los Angeles Superior Court, arguing that Mejia's joinder was not fraudulent and that Plaintiffs should be awarded the fees associated with bringing this motion.  Dkt. No. 11 (Mot.).[1]  Defendants oppose the Motion but do not address the request for fees.  Dkt. No. 19

---

[1] Plaintiffs also argue that Defendants other than Mejia had "minimum contacts" with California.  Mot. at 5-6.  However, this is a standard employed to determine if personal jurisdiction exists.  It does not bear on whether Defendants are California citizens for purposes of subject-matter jurisdiction.  *Satmarean v. Philips Consumer Luminaries, NA*, 2013 WL 5425339, at *2 (N.D. Cal. Sept. 27, 2013).

(Opp.). Because Defendants cannot establish fraudulent joinder, the Court grants the Motion.

The Court had intended to reserve judgment on the question of fees under 28 U.S.C. § 1447(c) until after the hearing. However, after the parties reviewed the Court's tentative ruling on the Motion, Plaintiffs withdrew their request for fees and Defendants agreed to accept the Court's ruling without oral argument. Defendants' request for oral argument (Dkt. No. 21) is therefore denied as moot.

I.

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id*. § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). In attempting to discharge this burden, the removing party must remember that there is a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (relying on this "strong presumption" in evaluating the dearth of evidence adduced by the removing party) (internal quotation omitted). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

However, "[r]emoval based on a court's diversity jurisdiction is proper, despite the presence of a non-diverse defendant, where that defendant is fraudulently joined—also known as a sham defendant." *Garcia v. Consol. Disposal Servs., L.L.C.*, 2018 WL 2228190, at *2 (C.D. Cal. May 14, 2018). "If the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state, the joinder is considered fraudulent, and the party's citizenship is disregarded for purposes of diversity jurisdiction." *Id.* (citations and internal quotations omitted). But there is a "presumption against finding fraudulent joinder," and if there is a "non-fanciful possibility" that a plaintiff could state a claim against a non-diverse defendant, "the court must remand." *Id.* (citations omitted). And "[e]ven where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Hall v. Kraft Heinz Food Co.*, 2019 WL 2598764, at *3 (E.D. Cal. June 25, 2019) (citation omitted).

II.

The sole basis for removal in this case is the allegedly fraudulent joinder of Mejia.  Defendants argue that because Plaintiffs cannot sustain a claim against Mejia, he was fraudulently joined and diversity jurisdiction exists under 28 U.S.C. § 1441(a).  NOR ¶¶ 12-13.

The parties agree on the following facts:  (1) Mejia was a California resident prior to his death; (2) Mejia died more than three months before the Complaint was filed in state court; and (3) defense counsel did not inform Plaintiffs about Mejia's death until filing the NOR in federal court.  There is no meaningful dispute about the law involving a decedent party.  Defendants argue that an action cannot properly be maintained in California against a deceased person unless it is done through a personal representative, a successor-in-interest, or an estate.  Opp. at 5 (citing Cal. Code Civ. Proc. § 377.40, Cal. Prob. Code § 550).  Plaintiffs respond that there is a pending hearing (set for August 25, 2021) on the petition for probate of Mejia's estate and that they "have already filed a DOE amendment adding the Estate of Mejia to the State Court action."  Dkt. No. 20 (Reply) at 2.  Defendants in turn argue that the operation of the amendment is void because the NOR "divested the State Court of all jurisdiction."  Opp. at 6.  While that is true, it is also true—and, for purposes of subject matter jurisdiction, more relevant—that Plaintiffs could amend if the Court were to remand this case.  *See* discussion *infra*.

There is clearly no basis to conclude that Plaintiffs joined Mejia to defeat federal jurisdiction.  This is a motor vehicle collision case in which Mejia is alleged to have driven the vehicle that seriously injured Plaintiff Manuel Acuna.  Defendants do not contend that Plaintiffs had no reason to sue Mejia—other than that Plaintiffs sued Mejia without knowing that he had recently passed away.  Nor do Defendants suggest that Plaintiffs could not properly state a claim against the Estate of Mejia, a citizen of California by operation of law.  *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . .").  If the Estate were named as a defendant in Mejia's place, it would destroy diversity of citizenship in this case.

Defendants argue instead that the Court should not consider the citizenship of fictitious "Doe" defendants in assessing citizenship for purposes of diversity jurisdiction.  Opp. at 5-6.  This is a generally correct statement of the law, 28 U.S.C. § 1441(b)(1); but it is also an inapplicable one based on the facts of this case.  This is not a case in which the original pleading failed to include a non-

diverse defendant.  Rather, Plaintiffs named a non-diverse defendant against whom they could have properly stated a claim were he alive but who must now be replaced by his legal successor (i.e., his estate).  See Fed. R. Civ. P. 25(a).  Mejia was not an "unknown" defendant—only the fact of his death was unknown to Plaintiffs.  Defendants have not cited any authority or offered any analysis demonstrating that the concept of fraudulent joinder is implicated in these circumstances.

Nor do Defendants address the principle articulated by the Ninth Circuit that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted).  This means that "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.  Here, Defendants acknowledge that California law allows a lawsuit against a decedent to be asserted against his estate.  Opp. at 5 (citing Cal. Civ. Code § 377.40 and Cal. Prob. Code § 550).  Therefore, Plaintiffs could cure this defect in their pleading by amendment.  Consequently, Defendants have not satisfied their "heavy burden" to establish fraudulent joinder.  *Grancare*, 889 F.3d at 548.

### III.

The Court **GRANTS** the Motion in part and orders this case remanded to Los Angeles Superior Court.  As agreed by the parties, no fees will be awarded to Plaintiffs in connection with this Motion.